UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA WARITH, | ) | CASE NO. 1:13 CV 985 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| AMALGAMATED TRANSIT UNION | ) | |
| LOCAL CHAPTER 268, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff filed this action under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000E-5, against Amalgamated Transit Union Local Chapter 268 ("ATU Local 268").

In the Complaint, Plaintiff alleges ATU Local 268 failed to object to a discriminatory lay-off

by her former employer Greater Cleveland Regional Transit Authority ("RTA"). (Doc. 1). She

seeks monetary, declaratory, and injunctive relief. Plaintiff has also filed a motion to proceed *in*

*forma pauperis*. (Doc. 2). For the reasons that follow, plaintiff's motion to proceed *in forma*

*pauperis* is granted and this case is dismissed.

## I.  BACKGROUND

Plaintiff, an African American woman, began working for RTA on May 11, 1999.

During her employment, Plaintiff was a member of ATU Local 268 and the terms of employment relationship with RTA were governed by a collective bargaining agreement between RTA and ATU Local 268.

On September 19, 2009, RTA terminated Plaintiff from her position as a Circulator Operator as part of a "purported" plan to discontinue Circulator Operations.  (Doc. 1 at 3).  She alleges that approximately twelve other African American Circulator Operators were laid-off as well, however, RTA retained two Caucasian employees with less seniority, placing those employees into full-time positions in other departments.  Further, Plaintiff indicates that she was not permitted to transfer to another circulator classification, thus preventing her from retaining her employment.  On September 21, 2009, Plaintiff attempted to file a grievance with ATU Local 268, but the union declined to accept the grievance.  She alleges the union took no action to remedy her discharge or to address RTA's transfer of two Caucasian employees.

On June 10, 2010, Plaintiff filed a formal EEOC charge of race discrimination against RTA and ATU Local 268.  She received a notice of dismissal and right-to-sue letter on June 22, 2010.

On May 1, 2013, Plaintiff filed the present action against ATU Local 268, alleging claims for race discrimination in violation of Title VII and Ohio Rev. Code § 4112.02 and breach of the duty of fair representation.  Specifically, she contends that ATU Local 268 should have accepted her grievance and objected to Plaintiff's lay-off as discriminatory, and its failure to do so was discriminatory, in bad faith, and arbitrary.

Plaintiff acknowledges in her Complaint that this is not the first time she has asserted these claims against ATU Local 268.  Plaintiff previously filed an action in this Court against

RTA and ATU Local 268 on September 20, 2010.  *See Warith v. Greater Cleveland Reg'l Transit Auth. (RTA)*, No. 1:10cv2098 (N.D. Ohio) ("*Warith I*").[1]  On August 18, 2011, Plaintiff and ATU Local 268 filed a stipulated notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), indicating that the dismissal was in exchange for ATU Local 268 agreeing not to pursue sanctions under Rule 11 against Plaintiff or her attorney.  *See Warith I*, Doc. 24.  On August 22, 2011, the Court issued an Order dismissing without prejudice Plaintiff's claims against ATU Local 268.  *Id.*, Doc. 25.  Thereafter, on May 1, 2012, the Court granted RTA's motion for summary judgment and dismissed the case.  Plaintiff filed a notice of appeal on May 31, 2012, and on July 2, 2012, the Sixth Circuit Court of Appeals granted a motion for voluntary dismissal filed by Plaintiff's counsel.  *Id.*, Doc. 32.

On August 17, 2012, Plaintiff filed a *pro se* motion in *Warith I* to reinstate her action against ATU Local 268, attaching an unsworn "statement of facts" regarding her claims against the union.  *Id.*, Doc. 33.  The Court struck the motion, indicating Plaintiff was represented by counsel and had filed a motion to reinstate her appeal in the Sixth Circuit.[2]

On September 4, 2012, Plaintiff filed a revised motion to reinstate her original complaint against ATU Local 268 without former counsel.  *Id.*, Doc. 34.  The Court again denied Plaintiff's motion, noting that the case was dismissed on May 1, 2012 and Plaintiff had provided no basis under Fed. R. Civ. P. 60 for reinstatement.  Plaintiff has filed this action in an apparent

---

[1]  The Complaint in Plaintiff's former suit is identical to the Complaint in this action.  In the present action, Plaintiff asks the Court to disregard the language pertaining to RTA as a defendant and any reference to attorney Robert A. Pecchio, Plaintiff's former counsel.  (Doc. 1-1).

[2]  On March 8, 2013, the Sixth Circuit issued an order granting Plaintiff's motion to reinstate her appeal on the grounds that Plaintiff's former counsel had moved to dismiss the appeal without Plaintiff's knowledge or consent.  *See Warith I.*

attempt to resurrect her claims against ATU Local 268 that the Court declined to reinstate in *Warith I*.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe

the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## B. Analysis

On the face of the Complaint, Plaintiff's claims are time barred. Although the statute of limitations is an affirmative defense, a Complaint can be dismissed for failure to state a claim if the allegations of the Complaint demonstrate that the claim would be barred by the applicable statute of limitations. *Robinson v. City of Euclid*, No. 1:10CV1824, 2010 WL 3860609, at *1 (N.D. Ohio Sept. 30, 2010). There is no purpose in allowing a matter that it is clearly time-barred to go forward. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tenn. Dep't of Corrs.*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Hunterson v. Disabato*, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan*, No. 09–CV–39–KKC, 2009 WL 872896, at *3 (E.D. Ky. Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*); *Balch v. City of Warren*, No. 4:07 CV 3879, 2008 WL 687079, at *1 (N.D. Ohio Mar. 10, 2008) (same).

Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the EEOC and then file suit within ninety days after receiving that letter. 42 U.S.C. § 2000e-5(e) and (f); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).

> If a plaintiff in possession of a right-to-sue letter files suit within this period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of Title VII.  *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6 th Cir. 1987). Further, state tolling and saving provisions do not apply to limitations periods set forth by Congress.

*Clark v. Nissan Motor Mfg. Corp. U.S.A.*, No. 97-5956, 1998 WL 786892, at *3 (6th Cir. Oct. 26, 1998).  Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988).

Here, Plaintiff received a right-to-sue letter from the EEOC on June 22, 2010, however, she did not file her Complaint in this action until nearly three years later and, therefore, her Complaint is untimely.  Although Plaintiff commenced her earlier lawsuit against Defendant within the ninety-day limitations period, the statute of limitations was not tolled because the lawsuit was voluntarily dismissed under Fed. R. Civ. P. 41(a)(1).  *Id.*; *Tate v. United Servs. Associates*, Inc., 75 F. App'x 470, 471 (6th Cir. 2003) ("The filing of a prior complaint does not toll the ninety-day period [under Title VII] and the court cannot extend the time for filing.") (citing *Wilson*, 815 F.2d at 28 (filing of Title VII complaint later dismissed without prejudice does not toll statutory filing period under Title VII)).

Moreover, while equitable tolling, waiver, and estoppel are available in compelling cases that justify a departure from established procedures,  *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989), in all cases, the triggering events supporting tolling must have taken place *before* the end of the tolling period.  *Wallace v.  Wheeling-Pittsburgh Steel Corp.*, No.  2:08-cv-261, 2008 WL 4347358, at *3-4 (S.D. Ohio Sept. 19, 2008).  In other words,

-6-

"there are no instances . . . where a statute of limitations that had already run [has] been tolled. . . . [I]f a statute of limitations has run, it cannot be tolled." *Gex v. Toys "R" Us, Inc.*, No. C-3-06-338, 2007 WL 2852351, at *3 (S.D. Ohio Oct. 2, 2007). In this case, the 90-day limitations period had already run as of the Court's dismissal without prejudice of Plaintiff's earlier action. Thus, even if Plaintiff were to present evidence that equitable reasons exist to excuse her failure to comply with the prerequisite for filing this lawsuit, Plaintiff's Title VII claim cannot be equitably tolled and must be dismissed.

Plaintiff's other federal claim, breach of a duty of fair representation, is time barred by the six-month statute of limitations for unfair representation claims. *Moore v. Int'l Bhd. of Elec. Workers Local 8*, 51 F. App'x 486, 487-88 (6th Cir. 2002); *Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985) (citations omitted). "[T]he statute of limitations begins to run when the claimant knows or should have known of the union's alleged breach of its duty of fair representation." *Schoonover v. Consol. Freightways Corp.*, 49 F.3d 219, 221 (6th Cir. 1995); *see also Adkins*, 769 F.2d at 335. Here, Plaintiff should have known of any alleged breach of the duty of fair representation when ATU Local 268 declined to accept her grievance in September 2009, and at least before she filed her formal charge of race discrimination against the union on June 10, 2010. Whether or not Plaintiff commenced her first lawsuit within six months of when the limitations period began to run is immaterial; as noted above, the limitations period was not tolled by that action because that lawsuit was voluntarily dismissed under Rule 41(a)(1). *Howell v. Gen. Motors Corp.*, 19 F. App'x 163, 166 (6th Cir. 2001) (citing *Davis v. Smith's Transfer, Inc.*, 841 F.2d 139 (6th Cir. 1988)). Accordingly, because Plaintiff did not file her present Complaint within six months of the

alleged breach of the duty of fair representation, her claim is dismissed.

Finally, plaintiff's state law claim for racial discrimination is based upon the same allegations as her federal claim of breach of the duty of fair representation and thus is preempted by federal labor law and is also time-barred.

> The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress so as to foreclose state regulation. *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985); *see also In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173*, 983 F.2d 725, 728-29 (6th Cir. 1993). Moreover, when a federal claim of a breach of the duty of fair representation is barred by the six-month statute of limitations, it would be anomalous to hold that the same claim survived the defense of limitations because it was stated in terms of state law. *Maynard*, 773 F.2d at 735.

*Moore*, 51 F. App'x at 488 (internal quotation marks omitted). *See also, E.E.O.C. v. Int'l Bhd. of Elec. Workers Local Union 998*, 343 F. Supp. 2d 655, 658 (N.D. Ohio 2004) ("This duty of fair representation preempts and displaces analogous state law when an employee alleges that a union has discriminated against her while acting as her representative.") (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). Consequently, Plaintiff's state law discrimination claim must also be dismissed.

## III. CONCLUSION

Accordingly, for all the reasons set forth above, this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is granted. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.[3]

---

[3] 28 U.S.C. § 1915(a)(3) provides, " An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  June 4, 2013